The Surrogate.
Section 2533 of the Code of Civil Procedure declares that “ the Surrogate may at any time require a party to file a written petition or answer containing a plain and concise statement of •the facts constituting his claim, objection or defense, and a demand of the decree, order or other relief to' which he supjioses himself to be entitled,”
The fourth rule of this court establishes the procedure for initiating the contest over the probate of a will, and requires that the contestant shall file a *323 verified answer containing a concise statement of the grounds of his objections to probate, and of any facts that he may allege tending to show a lack of jurisdiction in the Surrogate’s court. I see no reason why a petition for revoking probate should, in this respect, differ essentially from an answer to a petition for the granting of probate. There are obviously many cases in which the Surrogate, in the just exercise of the discretionary authority conferred upon him by § 2533, would not only permit, but would feel bound to require, a petitioner or objector to make a full and detailed statement of the facts and circumstances upon which his claim or defense might depend. But, in general, a probate proceeding is of such a character that its issues may be clearly and distinctly presented without resort to any such particularity of detail as appears.in the petition for revocation which is here attacked.
The averments, that the moving party seeks to eliminate from the petition, concern circumstances and occurrences that must be regarded rather as matters of evidence bearing upon the issues to be tried, than as necessary allegations making or tendering such issues.
The whole case is presented in sufficient detail by such portions of the petition as have not been objected to. The remaining portions must, therefore, be stricken out, but with the exception following ....
Let an order be entered accordingly.